**In re LYCO LEASING, INC. and Lyco Truck Sales & Service, Inc., Debtors.**

**LYCO LEASING, INC. and Lyco Truck Sales & Service, Inc. and Clarence E. Yohn, Plaintiffs,**

**v.**

**James C. ROGERS and Rogers, Huber & Associates, Defendants.**

**Bankruptcy Nos. 5–81–00209, 5–81–00210. Adv. No. 5–82–0310.**

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 21, 1982.

---

1. *See* 11 U.S.C. § 1322(b)(6), (10).

Jacques H. Geisenberger, Jr., Lancaster, Pa., for plaintiff.

Christian S. Erb, Jr., Harrisburg, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The defendants in the above captioned adversary proceeding have moved the Court to abstain under 28 U.S.C. § 1471(d) from hearing the plaintiffs' cause of action. We grant the defendants' motion.

The plaintiffs filed a complaint against James C. Rogers and Rogers, Huber & Associates alleging that the defendants, as accountants, injured the plaintiffs through their preparation of a financial report. The plaintiffs are proceeding under state law theories of professional negligence, breach of contract, negligent misrepresentation, intentional misrepresentation and breach of a third party contract. In response to this complaint the defendants have moved the Court for various forms of relief among which is a motion for abstention. If granted this would render the other motions moot.

The authority of the Bankruptcy Court to abstain from hearing a particular dispute is found at 28 U.S.C. § 1471(d). That subsection states as follows:

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

Subsections 1471(b) and (c) grant the Bankruptcy Court jurisdiction of all civil proceedings arising under or related to cases under title 11, the Bankruptcy Code.

Subsection 1471(d) allows the Court to abstain in the interests of justice from exercising jurisdiction in a particular proceeding. The defendants contend that the interests of justice would be served through the Court's abstention under § 1471(d) due to the recent U.S. Supreme Court case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). That case held that the jurisdictional grant of authority in the Bankruptcy Act of 1978 is unconstitutional. Specifically, the Court ruled that the jurisdiction conferred by Section 241(a) to decide common law actions arising under state law was invalid. This is precisely the type action with which we are concerned. Although the Supreme Court stayed its judgment until October 4, 1982, giving Congress the opportunity to rectify the constitutional defect, the defendants contend that Congress may obviate the constitutional defect by restoring the more limited jurisdictional scheme that was exercised under the Bankruptcy Act of 1898. This result would have the effect of placing the present case beyond the jurisdiction of this Court. Should this occur, the parties would have needlessly expended their efforts in this tribunal. The defendants further contend that the plaintiff will not be prejudiced by this Court's abstention since the plaintiffs have commenced a companion suit to the suit at bar in the Court of Common Pleas of Lycoming County.

We find the defendants' arguments for abstention persuasive. The interests of justice will be served by our abstention since it is not clear that the Court will continue to have jurisdiction over this action during its pendency. The plaintiffs may continue their action against the defendants in the Court of Common Pleas of Lycoming County.